**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

IN RE:

CLAYTON JAMES SHERWOOD
MARTINA R. SHERWOOD

Debtor(s).

In Proceedings Under
Chapter 13

Case No. 26-40042

## OPINION

This matter is before the Court on the chapter 13 Trustee's Objection to the Debtors' claim of exemptions set forth on Schedule C. The Trustee seeks an order determining that the Debtors may only claim one item of jewelry as exempt under the Illinois exemption statute for household goods and personal items (735 ILCS 5/12-1001(a)). The Debtors dispute the Trustee's interpretation of this exemption statute, arguing that the exemption statute limits only the exemption of valuable items of jewelry and allows full exemption of all other jewelry. After applying the rules of statutory construction, the Court concludes that the exemption statute does allow for the exemption of more than one item of jewelry.

## FACTS

At hearing on the matter, the following facts were established: the Debtors filed their chapter 13 bankruptcy case on January 28, 2026. On Schedule A/B, the Debtors disclosed the following relevant assets:

| | |
|---|---|
| Wedding Jewelry | $600.00 |
| Jewelry, Costume Jewelry, Smart Watches | $500.00 |

On Schedule C, the Debtors claimed both of the above groups of items as fully exempt under 735 ILCS 5/12-1001(a).[1] On March 18, 2026, the chapter 13 Trustee filed an objection to the

[1] The Debtors are Illinois residents and are required to use Illinois exemptions pursuant to 11 U.S.C. § 522(b)(2) *See infra.*, p. 2.

claimed exemptions, on the grounds that the exemption statute limits the exemption of jewelry to one piece of jewelry. The Court conducted a hearing on this matter on April 22, 2026, at which time the parties requested the opportunity to brief the issue in dispute.

**DISCUSSION**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). The issue before the Court involves the Debtors' claim of exemptions, which is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Pursuant to § 541(a) of the Bankruptcy Code, a debtor's bankruptcy estate is comprised of, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This section notwithstanding, § 522(b) of the Code permits debtors to exempt certain property from the bankruptcy estate and render it unavailable for distribution to the debtor's creditors, thus facilitating the "fresh start" afforded to debtors under the Code. *In re Swiontek*, 376 B.R. 851 (Bankr. N.D. Ill. 2007); *In re Awayda*, 574 B.R. 692, 695 (Bankr. C.D. Ill. 2017). Debtors are required to use the federal exemption scheme set forth in 11 U.S.C. § 522(d), unless applicable State law specifically authorizes the use of State exemptions in bankruptcy. 11 U.S.C. § 522(b)(2). Illinois has "opted out" of the federal bankruptcy exemptions. 735 ILCS 5/12-1201 (West 2026). Consequently, the Debtors may only claim exemptions available under Illinois law.

Prior to January 1, 2026, Section 5/12-1001(a) of the Illinois Code of Civil Procedure permitted a debtor to exempt from judgment, attachment, or distress from rent "[t]he necessary wearing apparel, bible, school books, and family pictures of the debtor and the debtor's dependents." 735 ILCS 5/12-1001(a) (West 2025). However, this section was amended effective

January 1, 2026 to significantly broaden the scope of exempt household goods and personal items in Illinois It now provides, in relevant part:

> § 12-1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgement, attachment, or distress for rent:
>
> (a) All household goods, including but not limited to, the debtor's and the debtor's dependents' food, eating and cooking utensils, bedding, furniture, books, refrigerator, stove, microwave oven, kitchen appliances, necessary provisions, washing machine, clothes dryer, vacuum cleaner, yard equipment and household equipment and tools, all personal possessions, including, but not limited to, clothing, pets, personal health aides, medications, computers or similar electronic devices and telephones, except that a creditor may obtain court permission to levy on any item of furniture, appliance, electronic device, yard equipment, precious item, utensils, set of utensils, or any other item exempt under this subsection that has a resale value of more than $5,000 unless that item is exempt under another provision of this Section. The debtor may exempt one piece of jewelry up to a value of $5,000;

735 ILCS 5/12-1001(a), effective January 1, 2026.

The Court must interpret this statute under Illinois rules of statutory construction. *In re Melching*, 589 B.R. 846, 848 (Bankr. S.D. Ill. 2018). The primary rule of statutory construction under Illinois law requires the court to ascertain and effectuate the legislative intent in enacting the statute; the court must review the statute to give effect to the overall intent of the drafters. *In re Robinson*, 811 F.3d 267, 271 (7th Cir. 2016). To accomplish this, the court looks to the statutory language itself; if the language of the statute is clear, the court must give it effect and should not look to extrinsic aids for construction. *Id.* at 269. It is only when the meaning is unclear from the statutory language that the court may look beyond the language employed and consider the purpose behind the law and the evils that the law was designed to remedy, as well as other sources of legislative history. *Id.* at 271.

The first step, therefore, is to look at language of the statute, given its plain and ordinary meaning. To determine the plain and ordinary meaning, courts must look at the statute in its entirety and construe the statute as a whole in light of other provisions in the statute and not in isolation. *Melching*, 589 B.R. at 849, *citing People v. Perez*, 2014 IL 115927, ¶ 9, 18 N.E.3d 41, 44, 385 Ill. Dec. 41, 44 (2014). Each word of the statute should be given its reasonable meaning and not be rendered superfluous, with the understanding that the legislature did not intend an absurd, inconvenient or unjust result. *Id*.

This Court recently reviewed this statute in a dispute virtually identical to the matter before the Court in this case. In the case of *In re Onken*, 2026 WL 2144134 (Bankr. S.D. Ill. July 24, 2026), Judge Gorman, applying Illinois rules of statutory construction, gave an in-depth and thoughtful analysis of the recently amended statute, concluding that the statute could be parsed into three sections for purposes of statutory construction. The first part of amended § 5/12-1001(a) provides a broad exemption of both household goods and personal possessions and sets forth a non-exhaustive list of personal property included in each category. *Onken* at *5. Although not specifically enumerated in the non-exhaustive list, jewelry most certainly falls under the plain meaning of the phrase "personal possessions," as jewelry is commonly owned by an individual for their own personal use.

The second part of the statute, Judge Gorman concluded, addresses a creditor's ability to seek permission to levy on certain items in each category; however, the ability to levy such items is further divided into two subcategories: (a) an unlimited ability to levy against specific items, including "precious items," which encompasses jewelry; and (b) any other item exempt under this subsection that has a resale value of more than $5,000 (unless

it is exempt under any other provision of the personal property exemption statute). *Id*. at *6.

Jewelry is not specifically listed in the statute's exhaustive list of unrestricted household goods and personal possessions against which a creditor may seek authorization to levy. As Judge Gorman noted, however, "[j]ewelry of any meaningful value would surely fall within the ordinary meaning of a "precious item" along with countless other personal possessions and household goods of value."[2] *Id*. at *5. That leaves only two ways that jewelry could be subject to levy: either (i) as an item otherwise exempted under the statute that has a resale value of greater than $5,000.00; or (ii) as an item that would be considered a "precious item" because of its great value or high price and therefore not subject to a value restriction on levy.

The final part of the statute provides an exemption allowance for one item of jewelry falling under the "precious items" description in an amount not to exceed $5,000. Judge Gorman reached this conclusion by applying the rules of statutory construction cited above, along with the canon of statutory interpretation known as the "last antecedent doctrine," which provides that a limiting sentence structurally modifies the immediately preceding portion of the statute and not those preceding portions of the statute that are structurally more distant. *Onken* at *9; *In re E.B., et. al*, 231 Ill.2d 459, 467, 899 N.E.2d 218, 223, 326 Ill. Dec. 1, 6 (2008). Based on this rule of construction, the "one piece of jewelry" limitation applies against a creditor's unlimited ability to seek authority to levy against precious items (including jewelry of meaningful value), thereby providing a debtor with the ability to exempt a single piece of jewelry otherwise qualifying as a precious item

[2] Judge Gorman noted that Merriam-Webster's Unabridged Dictionary defines the word "precious" as describing something "of great value or high price." *Onken* at *5.

(and therefore subject to levy), as long as the value of that item does not exceed $5,000. *Id*. at *9.

Judge Gorman ultimately rejected the same position advanced by the Trustee in this case and concluded that a debtor may exempt more than one item of jewelry under the broad exemption provided under the first part of § 5/12-1001(a):

> Ultimately, however the levy provisions and the $5,000.00 jewelry provision are construed to operate in a particular situation, it would not change the fact that the broad exemption language in subsection (a) plainly covers jewelry. Construing subsection (a) as generally protecting a debtor's jewelry subject to possible levy with court permission but also allowing the debtor to protect up to $5,000 of value in any one piece of jewelry against such levy best gives effect to all the words, clauses, and sentences of the subsection and statute as a whole and avoids rendering any part of the statute meaningless.

*Id*. at *9.

This Court finds the analysis of *Onken* persuasive. This Court adopts that rationale and holds that § 5/12-1001(a) does not limit the Debtors' claim of exemption to one item of jewelry.

In the instant case, the Debtors have claimed exemptions in "wedding jewelry," "jewelry," and "costume jewelry."[3] In applying the aforementioned rules of statutory construction, the Court notes that the term "costume jewelry" in and of itself has a plain meaning distinct from the common definition of "jewelry." Merriam-Webster's Unabridged Dictionary defines "costume jewelry" as "jewelry designed for wear with

---

[3] The Debtors aggregated their claim of exemption in jewelry to two categories: Wedding Jewelry ($600 exemption claimed), and Jewelry and Costume Jewelry combined with Smart Watch ($500 exemption claimed). Based on the aggregate values that the Debtors have asserted for these items on Schedule A/B (and which the Trustee has not challenged), these items maybe of nominal value and therefore may not qualify as a "precious item" against which a creditor could seek to levy, and consequently may not be subject to the limitation set forth in § 5/12-1001(a).

current fashions and usually made of inexpensive materials." [4] This definition logically leads to the conclusion that costume jewelry, because it is made of inexpensive materials, does *not* fall under the category of "precious items" against which a creditor could seek to levy. The Court concludes, therefore, that "costume jewelry" is a category of asset to which the broad exemption of 735 ILCS §5/12-1001(a) for personal possessions applies without limitation under the statute.

## **CONCLUSION**

Based on the foregoing rationale, the Trustee's Objection to Exemptions is overruled.

A separate order shall enter.

ENTERED: September 22, 2026

/s/ Mary E. Lopinot

UNITED STATES BANKRUPTCY JUDGE

[4] *Costume Jewelry,* MERRIAM-WEBSTER'S UNABRIDGED DICTIONARY, merriam-webster.com (last visited September 20, 2026).